MARRER v. MARRER et al.

(Supreme Court, Appellate Term. April 10, 1908.)

COURTS—NEW YORK MUNICIPAL COURT—PLEADING—ANSWER—AMENDMENTS.

　　Where, in an action on an agreement by a husband to pay his wife, living apart from him, a specified sum per week, and on a guaranty indorsed on the agreement and signed by a third person, the pleadings were oral, and the proof showed that the husband had made no payments since a specified time, and that the third person signed the guaranty without reading it and without knowing its provisions, the court erred in refusing an

amendment to the answer, so as to allege that the guaranty was without a consideration, since the allowance of the amendment would promote substantial justice, within Municipal Court Act, Laws 1902, p. 1542, c. 580, § 166, authorizing the court to allow amendments to pleading if substantial justice will be promoted thereby.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Irma Marrer against Arnold Marrer and another. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and DAYTON, JJ.

Andrew I. Albert, for appellants.
Samuel Hoffman, for respondent.

PER CURIAM. This action was brought upon a written guaranty. The pleadings were oral. The facts are peculiar and the record meager. It appears that, differences having arisen between the plaintiff and her husband, an agreement was prepared between the plaintiff's husband, the plaintiff, and one Ignatz Spiegel, who is referred to therein as "trustee." Under the terms of the proposed agreement the plaintiff and her husband were to continue to live apart from one another, and the plaintiff's husband agreed to pay her $7 per week for her support and the support of her child. The proposed agreement further provides that an action may be brought for the recovery of the amount therein specified, either by the trustee or by the plaintiff. The proposed agreement was signed only by the plaintiff's husband. Indorsed upon the agreement was the following:

"For and in consideration of the sum of one dollar to me in hand paid, receipt whereof is hereby acknowledged, I, Hugo Kuhn, hereby guarantee the faithful performance of all the terms of the written agreement on the part of Arnold Marrer.
"Dated N. Y., June 5, 1907.
                                                    "Hugo Kuhn.
"Witness: Samuel A. Berger."

It is upon this agreement of guaranty that the present action is brought. The proof before the court showed merely that the plaintiff's husband had made her no payment since January 15, 1906, and that the defendant signed the guaranty without reading it and without any knowledge of its provisions. Upon the trial the defendant sought to amend his answer, so as to plead that the agreement of guaranty was without consideration. This motion was denied, and the defendant duly excepted. We think that this amendment should have been permitted. In view of the circumstances of this case, and the fact that the pleadings were oral, substantial justice would have been promoted by allowing the amendment. Section 166 of the Municipal Court Act (Laws 1902, p. 1542, c. 580).

The judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event.